UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,                                      Case No. 13-cr-20625

v.                                      UNITED STATES DISTRICT COURT JUDGE
                                                        GERSHWIN A. DRAIN

KENNETH WILLIAM KLANSECK,
                                                UNITED STATES MAGISTRATE JUDGE
Defendant.                                              DAVID R. GRAND

_____/

# AMENDED ORDER DISMISSING INDICTMENT PURSUANT TO 18 U.S.C. § 3161(A)(2), GRANTING MOTION TO DISMISS [40], FINDING MOTION FOR WITHDRAWAL OF ATTORNEY [44] MOOT AND CANCELING HEARING

## I.    INTRODUCTION

On August 22, 2013, the grand jury filed an Indictment against Defendant Kenneth William Klanseck (hereinafter "Defendant"). Dkt. No. 18. The Indictment charges Defendant with one count of Theft of a Firearm, 18 U.S.C. § 924(l); one count of Possession of a Stolen Firearm, 18 U.S.C. § 922(j); one count of Possession of a Firearm by an Illegal Drug User, 18 U.S.C. § 922(g)(3); and one count of Possession of Methamphetamine, 21 U.S.C. § 844. *Id*. at 1–3 (Pg. ID 27–29).

Presently before the Court is Defendant's Motion to Dismiss, filed on or

-1-

about July 5, 2016, before the district judge who previously presided over the instant matter. Dkt. No. 40. The Government filed a response on August 12, 2016, Dkt. No. 43, and a partial hearing was held on November 17, 2016. The case was reassigned to the undersigned on February 1, 2017, prior to any continuation of the earlier hearing.

Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the matter on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons stated below, the Court will **GRANT** Defendant's Motion to Dismiss [#40].[1]

## II.    BACKGROUND

On June 7, 2013, Defendant was charged in a criminal complaint in this Court and a warrant was issued for his arrest. Dkt. Nos. 1–2. Defendant and the Government twice stipulated to adjourn the preliminary examination so that the parties could engage in pre-indictment discussions on July 9, 2013, and August 5, 2013. Dkt. Nos. 13, 17. On August 22, 2013, the grand jury filed an indictment against Defendant.   On August 26, 2013, Defendant was arraigned on the Indictment.

On August 29, 2013, the Government filed a Motion for Revocation of

---

[1] Because the Court is granting the Defendant's Motion to Dismiss with prejudice, counsel's Motion to Withdraw [#44] is MOOT.

Pretrial Release Order. Dkt. No. 22. Defendant responded, Dkt. No. 25, and the prior district judge handling this matter held a hearing on the motion on September 24, 2013, granting the Government's Motion, Dkt. No. 27.

On December 2, 2013, the Court entered a Stipulated Order for Continuance of Trial, wherein the parties stipulated and agreed to adjourn trial until February 19, 2014 to accommodate plea discussions. Dkt. No. 28, p. 1 (Pg. ID 59). On February 6, 2014, the Court entered a second stipulated order for continuance of trial, adjourning trial until May 20, 2014, to accommodate plea discussions. Dkt. No. 29, p. 1 (Pg. ID 61). The Court entered a third stipulated order for continuance of trial on May 20, 2014, adjourning trial until August 4, 2014, to accommodate plea discussions. Dkt. No. 30, p. 1 (Pg. ID 63).

Defendant's attorney sought to withdraw on July 16, 2014, noting that Defendant had been charged in a more substantial case before the Honorable Nancy G. Edmunds, *United States v. Kenneth Klanseck*, case number 13-cr-20685. Dkt. No. 32, p. 1 (Pg. ID 66). Defendant's attorney, Edward C. Wishnow, sought to withdraw in the case before Judge Edmunds based on a breakdown of the attorney-client relationship, and Judge Edmunds granted the motion and appointed Sharon Payne as substitute CJA appointed counsel for Defendant. *Id*. The district judge granted counsel's motion to withdraw and appointed Ms. Payne to represent Defendant on July 21, 2014. Dkt. No. 33.

-3-

On September 9, 2014, the Court entered a fourth stipulated order for continuance of trial, adjourning trial until February 5, 2015. Dkt. No. 35, p. 1 (Pg. ID 71). The parties also argue that on February 9, 2015, they executed a fifth stipulated order for continuance of trial, extending the excludable delay period until May 13, 2015, but the order was never entered with the Court and is not on the docket. Dkt. No. 40, p. 2 (Pg. ID 83). There were no subsequent orders waiving Defendant's right to a speedy trial. *Id*. at 3 (Pg. ID 84).

On May 10, 2016, Defendant's counsel, Sharon Payne, filed a Motion to Withdraw as Counsel. Dkt. No. 37, p. 1 (Pg. ID 76). Payne had represented Defendant in the case before Judge Edmunds, which was resolved with a plea. *Id*. at 2 (Pg. ID 77). On April 11, 2016, Judge Edmunds sentenced the Defendant to ten years' incarceration. This was well below the Government's requested sentence of fourteen to fifteen years.   After sentencing, Defendant filed a Notice of Appeal in the Sixth Circuit Court of Appeals, alleging he was not properly represented by Payne at his sentencing and claiming her representation was ineffective. *Id*. This Appeal by Defendant gave rise to an irreconcilable conflict between counsel and her client, impairing Payne's ability to adequately and effectively represent Defendant's legal interests. *Id*. The district judge held a hearing on the motion on June 2, 2016, where the motion was found to be moot after Defendant and Payne agreed to continue representation. Dkt. No. 39.

-4-

On July 5, 2016, Defendant filed a Motion to Dismiss for violation of his right to speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). Dkt. No. 40, p. 1 (Pg. ID 82). The Government responded on August 12, 2016. Dkt. No. 43.

The district judge initially scheduled a hearing on the Motion to Dismiss for September 9, 2016. Dkt. No. 42. The hearing was reset for October 19, 2016, then reset for October 24, 2016, then reset for November 11, 2016, then reset for November 7, 2016, and finally reset again for November 17, 2016. The hearing on November 17, 2016 was to be continued for December 19, 2016. That hearing continuation was reset for January 12, 2017, and then it was cancelled one last time without rescheduling a final hearing date.

Defendant's counsel, Payne, filed a second Motion for Withdrawal on January 16, 2017. Dkt. No. 44. In that Motion, Payne notes that the Motion to Dismiss had been adjourned to allow counsel time to investigate Defendant's claim that an important defense witness is no longer available, due to his severely impaired cognitive abilities. *Id.* at 2 (Pg. ID 96). While Payne was attempting to investigate this claim, Defendant engaged in ex parte correspondence with the Court, alleging that Payne was not representing him properly and that he was being denied the effective assistance of counsel. *Id.* at 3 (Pg. ID 97).

The case was reassigned to the undersigned on February 1, 2017.

-5-

### III.   LAW & ANALYSIS

#### A.   The Speedy Trial Act

The Speedy Trial Act protects defendants' and the public's interest in timely criminal trials. *See United States v. Noone*, 913 F.2d 20, 28 (1st Cir. 1990), *cert. denied*, 500 U.S. 906 (1991). Section 3161(c)(1) of the Act requires that a defendant's trial commence within seventy days of the date he was indicted or the date he first appeared in court, whichever is later. *United States v. Tinson*, 23 F.3d 1010, 1012 (6th Cir. 1994). "The Act provides the flexibility necessary to conduct fair criminal trials by excluding days from the seventy-day Speedy Trial clock for various pretrial proceedings." *United States v. Dunbar*, 357 F.3d 582, 591 (6th Cir. 2004) (citing 18 U.S.C. §§ 3161(h)(1)–(9) *vacated and remanded on other grounds by Dunbar v. United States*, 543 U.S. 1099 (2005); *United States v. Mentz*, 840 F.2d 315, 325 (6th Cir. 1988)).

If more than seventy non-excludable days pass before the commencement of trial, the Act mandates dismissal of the indictment upon motion by the defendant. 18 U.S.C. § 3162(a)(2). The trial court has discretion to decide whether to dismiss the indictment with or without prejudice. *Id*.

#### B.   The Parties' Arguments

Defendant argues that the Indictment is subject to mandatory dismissal under § 3162(a)(2) of the Speedy Trial Act (STA). Dkt. No. 40, p. 5 (Pg. ID 86).

-6-

The Government concurs that the STA clock has expired, but argues that the Indictment should be dismissed without prejudice. Dkt. No. 43, p. 2 (Pg. ID 90).

Accordingly, the Court finds that the Indictment must be dismissed pursuant to § 3162(a)(2) of the STA.

### C.    Dismissal With or Without Prejudice

"The Speedy Trial Act does not specify whether dismissal should be with or without prejudice, nor does it contain a default presumption one way or the other." *United States v. Robinson*, 389 F.3d 582, 586 (6th Cir. 2004) (citing 18 U.S.C. § 3161(a)(2)). When making this determination, the district court is obligated to make findings concerning the following three factors: (1) seriousness of the offense, (2) the facts and circumstances of the case that led to the dismissal, and (3) the impact of a reprosecution on the administration of the STA and on the administration of justice. *United States v. Taylor*, 487 U.S. 326, 333 (1988) (citing 18 U.S.C. § 3162(a)(2)).

The *Taylor* court discussed the importance of this analysis:

> Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review. Only then can an appellate court ascertain whether a district court has ignored or slighted a factor that Congress deemed pertinent to the choice of remedy, thereby failing to act within the limits prescribed by Congress.

-7-

*Id.* at 336–37.

Under the STA, dismissal of charges with prejudice is a high burden for the Defendant to meet. Dismissal with prejudice requires a showing of a "truly neglectful attitude," "bad faith," a "pattern of neglect, or other serious misconduct, as well as prejudice to the defendant." *United States v. Gaskin*, 364 F.3d 438, 451 n.3 (2d Cir. 2004) (citing *United States v. Taylor*, 487 U.S. 326, 338–39 (1988)). The Government must have committed more than "an isolated unwitting violation." *United States v. Wells*, 893 F.2d 535, 539 (2d Cir. 1990).

### 1.    Seriousness of Offense

Defendant has been charged with possession of methamphetamine and three separate firearm charges based off his possession of a single gun. The Government contends, "the combination of one of the most dangerous drugs on the planet, with the possession of a stolen firearm, constitutes what most would view as a serious offense." Dkt. No. 43, p. 4 (Pg. ID 92).

The Sixth Circuit has previously held that similar charges—being a felon in possession of a firearm and possessing material to manufacture methamphetamine—are serious offenses. *United States v. Tinklenberg*, 579 F.3d 589, 600 (6th Cir. 2009), *aff'd on other grounds*, 563 U.S. 647 (2011). Likewise, the Sixth Circuit "has categorically labeled drug offenses as serious." *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000). Defendant's motion does not contest

-8-

that the offenses for which he is charged are serious. However, the Court notes the anticipated sentencing guideline range if convicted on the charges would not be extensive—twenty-seven to thirty-three months. This mitigates the seriousness of the offenses for which Defendant has been charged. Thus, the Court determines that Defendant's charges constitute somewhat serious offenses, weighing in favor of dismissal without prejudice.

### 2.    Facts and Circumstances of Delay

The burden is on the Government to explain the cause of pre-trial delay. *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997).

The Government contends that the reason for delay was related to Defendant's prosecution in an unrelated case before Judge Edmunds.[2] Dkt. No. 43, p. 4 (Pg. ID 92). The Government had expected that the sentence rendered in the case before Judge Edmunds "would perhaps eliminate the otherwise strong public interest in proceeding with the instant firearm prosecution." *Id.* at 2 (Pg. ID 90). After Defendant pled guilty, Judge Edmunds sentenced Defendant to 10 years' incarceration, a sentence below the Government's expectations. *Id.* at 4 (Pg. ID 92). Since the Government did not get the sentence it wanted in the case before Judge Edmunds, the Government now expresses reinvigorated interest in the

---

[2] The Government alleges that the criminal activities for which Defendant pled guilty in front of Judge Edmunds were committed while Defendant was on bond in the present case. Dkt. No. 43, p. 4 (Pg. ID 92).

present case to secure a sentence "more commensurate with [Defendant's] relative culpability." *See id*. Indeed, the Government's response indicates that the present case would have been dismissed had the Government been satisfied with the disposition of the case before Judge Edmunds. *Id*. at 5 (Pg. ID 93).

The Supreme Court instructs that "different weights should be assigned to different reasons" for the Government's delay. *Barker v. Wingo*, 407 U.S. 514, 531 (1972). "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." *Robinson*, 455 F.3d at 607. The Court is not concerned with finding a blameless party, but rather whether the Government or Defendant is more to blame for the delay. *United States v. Schreane*, 331 F.3d 548, 554 (6th Cir. 2003).

In the present case, it appears that most of the delay was caused by parties negotiating a plea in a more severe, but unrelated, criminal proceeding against Defendant. The Government attempted to hedge its bets by delaying these proceedings so that it could choose to seek additional prison time here if the first case did not result in a satisfactory disposition. Thus, it would seem that the Government had an interest in the tardy disposition of Defendant's case. *See Redd v. Sowders*, 809 F.2d 1266, 1270 (6th Cir. 1987) ("Delay calculated to obtain an

-10-

advantage over the accused is weighed heavily against the state."). It is unclear how Defendant stood to benefit from this arrangement.

It is true that Defendant agreed to at least four continuances in the present case. The Government alleges, "both Government counsel and Defense Counsel were aware—to varying degrees—of the non-compliance with the dictates of the Speedy Trial Act in this case, and while Defendant did not formally waive his Speedy Trial rights, it is believed that the Defense was certainly not seeking an earlier trial date." Dkt. No. 43, p. 3 (Pg. ID 91). The Government characterizes this as mere inattention to the STA clock. *Id*. Yet, reviewing the whole record, it seems as though the Government committed "something more than an isolated unwitting violation," *Taylor*, 487 U.S. at 339, from February 2015 until the present motion was filed in July 2016 because of its continued and knowing non-compliance with the STA.

In delaying these proceedings, the Government exhibited a marked lack of care. One stipulation to continue was never entered with the Court, and there is no evidence that the Government took any action to ensure its entry or attempted to negotiate subsequent stipulations to continue after February 2015. *See* Dkt. No. 40, p. 3 (Pg. ID 84). Including the non-entered stipulation, Defendant alleges that one year and 51 non-excludable days elapsed, while the STA permits only seventy non-excludable days. *Id*.; *see also Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) ("A

-11-

delay approaching one year is presumptively prejudicial.").

Considering the evidence and arguments from the parties, the Court finds that, at best, the Government exhibited a truly neglectful attitude in the present case, and must be deterred to ensure future compliance with the Act. *United States v. Robinson*, 389 F.3d 582, 589 (6th Cir. 2004); *see also United States v. Koory*, 20 F.3d 844, 847 (8th Cir. 1994) ("Where a violation of the Act is substantial, the government's negligent failure to comply with the Act may justify dismissal with prejudice."); *Taylor*, 487 U.S. at 338 ("[A] truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration of this issue . . . .").

The Court finds that this factor weighs in favor of dismissal with prejudice.

### 3.    Impact on Reprosecution on the Administration of Justice

The Government asserts that Defendant fails to specify how he has been prejudiced by the delay. "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay and whether the government engaged in prosecutorial misconduct that must be deterred to ensure compliance with the Act." *Robinson*, 389 F.3d at 589.

"The Supreme Court has identified three defense interests a court should consider when determining actual prejudice in speedy trial cases: (1) oppressive

pretrial incarceration; (2) anxiety and concern of the accused; (3) the possibility that the defense will be impaired." *Maples v. Stegall*, 427 F.3d 1020, 1031 (6th Cir. 2005) (citing *Barker*, 407 U.S. at 532).

Here, Defendant was indicted on the present charges in August 2013. Even if the Court were to find that the parties' unfiled, February 9, 2015 Stipulated Order for Continuance was adequate to exclude the period of February 2015 through May 13, 2015 from the Speedy Trial Clock, Defendant's clock had been expired for some 419 days, or for nearly fourteen months, when he filed the instant motion to dismiss. The length of such a delay approaches the point of presumptive prejudice. *See United States v. Mundt*, 29 F.3d 233, 235 (6th Cir. 1994) (analyzing the Sixth Amendment right to a speedy trial and quoting *Doggett v. United States*, 505 U.S. 647, 652 n.1(1992))("[E]xcessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim . . ., it is part of the mix of relevant facts, and its importance increases with the length of delay.")

The Supreme Court has explained that a lengthy, presumptively prejudicial delay creates not only prejudices a Defendant's trial rights but also "may serious interfere with the defendant's liberty, whether he is free on bail or not, and . . . may disrupt his employment, drain his financial resources, curtail his associations,

-13-

subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Taylor*, 487 U.S. 326, 340–41 (1988).

Defendant has written ex parte correspondence with the case's previous judge, detailing his anxiety related to these proceedings. Further, there is evidence that an important defense witness is no longer available, due to his severely impaired cognitive abilities. Dkt. No. 44, p. 2 (Pg. ID 96). Therefore, the Government inaccurately argues that Defendant has suffered no prejudice as a result of the lengthy delay. The Supreme Court has made it abundantly clear that defendants faced with similar circumstances to those present in this matter will suffer extreme prejudice from inordinate delay:

> Finally, it is self-evident that the possibilities that long delay will impair the ability of the accused to defend himself are markedly increased when the accused is incarcerated . . . . Confined in a prison, perhaps far from the place where the offense covered by the outstanding charge allegedly took place, his ability to confer with potential witnesses, or to even keep track of their whereabouts, is obviously impaired. And, while evidence and witnesses disappear, memories fade and events lose their perspective, a man isolated in prison is powerless to exert his own investigative efforts to mitigate these erosive effects of the passage of time.

*Smith v. Hooey*, 393 U.S. 374, 378–80 (1969).

Further, the Supreme Court has stated that, "[a]lthough negligence is obviously to be weighed more lightly than a deliberate intent to harm the accused's defense, it still falls on the wrong side of the divide between acceptable and

-14-

unacceptable reasons for delaying a criminal prosecution once it has begun." *Doggett*, 505 U.S. at 657. The weight assigned "to official negligence compounds over time as the presumption of evidentiary prejudice grows. Thus, [the Supreme Court's] toleration of such negligence varies inversely with its protractedness and its consequent threat to the fairness of the accused's trial." *Id.* (citation omitted).

Here, the conduct of the Government in failing to ensure the entry of the February 2015 stipulation, and for failing to seek any further continuances from May 2015 to July 2016 is negligent. Additionally, the Government's position that it would like to use this prosecution to seek a sentence "more commensurate with [Defendant's] relative culpability" because the Government was disappointed with the sentence in a "parallel unrelated case" does not excuse this negligence. Dkt. No. 43, p. 4 (Pg. ID 92).

The above considerations therefore compel this Court to conclude that this factor likewise favors dismissal with prejudice.

-15-

### IV.    CONCLUSION

Accordingly, based on the above analysis, the Indictment is **DISMISSED** with prejudice. Defendant's Motion to Dismiss [40] is **GRANTED**. Counsel's Motion to Withdraw [44] is **MOOT**.

SO ORDERED.

Dated:    March 30, 2017                              /s/Gershwin A. Drain
                                                      GERSHWIN A. DRAIN
                                                      United States District Judge



CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 30, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk

-16-